# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION 05-330-KD-C |
| ) | |
| RICKEL DEWAYNE SAMUEL, ) | |
|    Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On December 23, 2011, the Court ordered Defendant Rickel Dewayne Samuel to show cause within 30 days as to why his motions for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) should not be denied. (Doc. 113). The Court explained in the order to show cause that it had determined that it lacked jurisdiction to reduce Defendant's sentence because retroactive application of Sentencing Guidelines Amendment 750 did not affect Defendant's guideline calculation. (Id. at 1-2). Defendant has timely responded to the Court's order. (Doc. 114). However, as explained below, Defendant's argument that he is entitled to relief even though — as he concedes — his guideline calculation is unaffected by Amendment 750 fails, and, therefore, Defendant's motion is due to be **DENIED** by separate order.

Defendant's response relies primarily on Freeman v. United States, 131 S. Ct. 2685 (2011), in which the Supreme Court recently commented that "[t]here is no reason to deny § 3582(c)(2) relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range," id. at 2690 (plurality opinion), and observed that the U.S. Sentencing Commission had determined that the crack cocaine guidelines were "flawed, and therefore that sentences that relied on them ought to be reexamined." Id. at 2694. Defendant takes the position that, even though § 3582(c)(2) authorizes district courts to modify an imposed

1

term of imprisonment on a defendant's motion only where the defendant was sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission and only to the extent that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the Court may ignore those limitations because the Supreme Court has held the Sentencing Guidelines to be merely advisory. See Doc. 114 at 2-3 (citing Kimbrough v. United States, 552 U.S. 85 (2007) and United States v. Booker, 543 U.S. 220 (2005)).

Defendant's argument is foreclosed by the Supreme Court's decision in United States v. Dillon, 130 S. Ct. 2683 (2010). In Dillon, the Court held that "[Section] 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. at 2691. The Court also clarified that Booker does not apply in § 3582(c)(2) proceedings and that courts must "honor § 1B1.10(b)(2)'s instruction not to depart from the amended Guidelines range at such proceedings." Id. at 2693. Dillon remains good law and was cited in the plurality, concurring, and dissenting opinions in Freeman as support for the proposition that § 3582(c)(2) limits a district court's authority to modify imposed sentences of imprisonment. See Freeman, 131 S. Ct. at 2694-95 (plurality opinion); id. at 2699 (Sotomayor, J., concurring in the judgment); id. at 2702 (Roberts, C.J., dissenting).

In sum, neither Freeman nor Kimbrough nor Booker articulates a basis by which this Court may modify Defendant's sentence, which was based on a guideline range that Defendant concedes is unaffected by a retroactive amendment to the Sentencing Guidelines. Accordingly, Defendant has failed to show cause as to why his motion for a reduction of sentence should not be denied.

The Clerk is **DIRECTED** to send a copy of this Memorandum to Defendant by U.S. Mail.

**DONE** and **ORDERED** this the **17th** day of **January 2012**.

                                                  /s/ Kristi K. DuBose
                                                  **KRISTI K. DuBOSE**
                                                  **UNITED STATES DISTRICT JUDGE**